COMMONWEALTH *vs.* GUILLERMO GONZALEZ. March 16, 1987. *Controlled Substances. Evidence,* Hearsay. *Error,* Harmless. *Practice, Criminal,* Instructions to jury.

On appeal from his conviction on an indictment charging him with possession of heroin with intent to distribute that drug, the defendant argues that the trial judge erred: (1) in admitting in evidence an envelope addressed to the defendant at the apartment where the drugs were found, to prove that the defendant lived at that address and (2) in refusing to instruct the jury on circumstantial evidence in the language requested by the defendant. We conclude that any error in allowing the envelope in evidence without limitation on its use was harmless and that the trial judge correctly instructed the jury. We affirm.

On October 5, 1984, at 11:00 A.M., the police went to 453 Broadway, Lawrence, to search apartment seven. The door to that apartment was partially open, and, when no one answered to their knock, they entered. They found the defendant in a darkened bedroom asleep on a cot beneath blankets, his head resting on a pillow. One Jose Ramos was found in an adjoining bedroom. The officers took Ramos and the defendant, who was clad only in his underwear, into the kitchen while other officers searched the apartment.

Under the pillow on the cot on which the defendant had been sleeping, the police found a brown bag. The bag contained ten bundles of bags of heroin. One bundle, which was half open, contained four bags of heroin, and each of the other nine bundles contained ten bags of that substance. The police also found papers listing names (including the defendant's) and recordings of amounts of money. In the bedroom closet there were clothes and shoes which appeared to be of the defendant's size.

There was a cardboard box in the second bedroom which contained, among other things, personal papers belonging to the defendant: a high school equivalency certificate, an English-as-a-second-language certificate, a pilot's certificate, a Nicaraguan provisional passport, and an envelope

addressed to the defendant at apartment seven, 453 Broadway, Lawrence, with a return address of one Reina Sanchez in Miami, Florida.

At trial the defendant offered evidence to show that he did not reside at apartment seven. The defendant testified that he lived at 461 Broadway but visited apartment seven at 453 Broadway regularly. On the day in question, the defendant went to the apartment because of "curiosity." He arrived about 9:30 A.M., and fell asleep on the cot while watching television. He had brought with him the previously described personal papers to show to a friend who also visited the apartment. The defendant stated that he knew Reina Sanchez, that they had lived together for about four years, that he was the father of her child, and that she had written to him in the past and had "tried to locate me at different places."

Two of the defendant's friends also testified. One stated that she would visit 461 Broadway two or three times a week, usually in the morning, and see the defendant asleep on the sofa. The other friend stated that Reina Sanchez sent letters to the defendant at his (the friend's) address. However, this friend also testified that in September and October of 1984 he would go to visit the defendant at 453 Broadway and the defendant would be there.

1. *Commonwealth* v. *Cohen,* 6 Mass. App. Ct. 653, 657 (1978), does support the proposition that the envelope addressed to the defendant at apartment seven, 453 Broadway, Lawrence, was admissible to show that the defendant had some connection with that address. In view of the other possessions of the defendant found in the apartment, it is unfortunate that the Commonwealth was not content with the showing, which, even if limited, would have been sufficient for purposes of its burden of proof. See, e.g., *Commonwealth* v. *Fiore,* 9 Mass. App. Ct. 618, 624 (1980), and cases therein cited. By insisting that the address, written by a person not subject to cross-examination, was evidence of the defendant's actual and exclusive residence, the Commonwealth invited a hearsay objection very different from that rejected in *Commonwealth* v. *Soares,* 384 Mass. 149, 160 & n.6 (1981).

We, however, need not consider the defendant's contention that the envelope was inadmissible under the hearsay rule for the purpose of showing that the defendant actually resided at apartment seven. In light of his possessions found in the apartment, his testimony, and the testimony of his friend, any error was harmless. See *Harrington* v. *California,* 395 U.S. 250, 254 (1969); *Commonwealth* v. *Gilday,* 382 Mass. 166, 178 (1980); *Commonwealth* v. *Grieco,* 5 Mass. App. Ct. 350, 358-359 (1977). Compare *Commonwealth* v. *Seminara,* 20 Mass. App. Ct. 789, 798 (1985).

2. In instructing the jury on circumstantial evidence, the trial judge stated the "well-known 'footprints in the snow' example," *Commonwealth* v. *Gil,* 393 Mass. 204, 222 (1984). He was not required to instruct in the language requested by the defendant "so long as the charge, as a whole, adequately cover[ed] the issue." *Commonwealth* v. *Anderson,* 396 Mass. 306, 316 (1985). The trial judge gave a clear and understandable explanation

of the nature of circumstantial evidence as well as correct instructions on the nature of an inference. See *Commonwealth* v. *Pires,* 389 Mass. 657, 664 (1983). The burden of proof was adequately covered in the judge's instructions on proof beyond a reasonable doubt. Finally, the remaining portion of the requested instruction, suggesting that the Commonwealth must prove that only the defendant possessed the heroin, would have been misleading, as possession need not be exclusive. *Commonwealth* v. *Beverly,* 389 Mass. 866, 870 (1983).

*Judgment affirmed.*

*Nona E. Walker,* Committee for Public Counsel Services, for the defendant.

*David A. Grossbaum,* Assistant District Attorney, for the Commonwealth.