Quinlan, Regina L., J.
INTRODUCTION
The plaintiff Jennifer Oliver a/k/a Jennifer James (“Oliver") brought this action pursuant to G.L.c. 90A, §14 seeking judicial review of a decision of the Board of Appeal on Motor Vehicle Liability Policies and Bonds (the “Board”) suspending her driver’s license as a result of her violation of G.L.c. 90, §24(l)(f)(l) and previous convictions for operating under the influence (“OUI”). Oliver moves for judgment on the pleadings pursuant to Mass.R.Civ.P. 12(c), arguing that the Board erred in its application of G.L.c. 90, §24(l)(f)(l) and prejudiced Oliver and that the Board’s decision was not supported by substantial evidence. The Board also moves for judgment on the pleadings in opposition to Oliver’s motion. For the following reasons, plaintiffs motion is DENIED and the Board’s decision is AFFIRMED.
BACKGROUND
The administrative record reflects the following facts.
Oliver has appeared before the Board on two separate occasions regarding the subject matter of this action. She first appeared to appeal a lifetime license suspension that the Registry of Motor Vehicles (“Registry”) imposed after it determined that three previous OUI convictions or assignments to alcohol programs on her record required an enhanced license suspension for her refusal to take a Breathalyzer during an arrest for OUI in 2006 and the conviction for that incident under G.L.c. 90, §24(l)(f)(l) and G.L.c. 90, §24(l)(c)(3). At this hearing, the Board determined that Oliver had been assigned to an alcohol program after a 1983 OUI arrest, qualifying as a “conviction” under G.L.c. 90, §24(1)(a)(1). The Board also concluded that the Registry failed to provide enough evidence of a conviction for Oliver’s OUI that occurred in Arizona in 1998 and that sufficient evidence supported a determination that Oliver’s OUI arrests in 1991 and 2006 resulted in, respectively, assignment to an alcohol program and conviction. The Board then modified the lifetime suspension to a five-year suspension under G.L.c. 90, §24(l)(f)(l) followed by an eight-year suspension based on the enhanced sentence for three OUI convictions under G.L.c. 90, §24(l)(c)(3).
Oliver appealed the decision to the Superior Court, and the parties agreed to remand it to the Board for a de novo hearing in light of new information obtained by both parties as to the prior OUIs. Based on the new evidence, the Board determined that the 1983 OUI arrest did not result in a conviction or assignment to an alcohol program and thus could not factor into the enhanced sentencing under G.L.c. 90, §24(l)(f)(l) and G.L.c. 90, §24(l)(c)(3). The Board determined further that Oliver was convicted of the Arizona OUI and that the conviction factored into the suspension enhancement. The Board relied on documents the Registry introduced that showed that Jennifer Crighton James[1] was licensed in Arizona under the number B13377458 and that the certified driving record ofthat license number revealed a driving under the influence (“DUI”) guilty plea and sentence in Maricopa, Arizona. The Board also determined that the person pictured on the license with that number was Oliver. Oliver argued to the Board that Arizona had confused her with another Arizona resident by the name of Jennifer James, but offered no explanation as to her resemblance to the photograph on the license. Massachusetts Registry of Motor Vehicle documents show that Oliver paid a license reinstatement fee on the 1998 Arizona OUI.
Oliver filed this petition for judicial review of the Board’s determination that she failed to submit to a chemical test during the OUI arrest in 2006 and that the Registry presented sufficient evidence that the OUI arrest in Arizona resulted in a conviction. Oliver submitted new evidence pertaining to the chemical test refusal with her motion for judgment on the pleadings. This court held a hearing on Oliver’s motion for judgment on the pleadings on July 22, 2008.
DISCUSSION
Standard of Review
Pursuant to G.L.c. 30A, §14, this court has authority to review the final decisions of state administrative agencies in an adjudicatory proceeding. The court may reverse, remand, or modify an agency decision if the substantial rights of any party have been prejudiced because the agency’s decision was based upon an error of law, was unsupported by substantial evidence or unwarranted by facts found by the agency, or was arbitrary and capricious or otherwise not in accordance with law. G.L.c. 30A, §14(7). Review of an agency’s decision is confined to the record, unless the party who seeks to introduce new evidence shows that the evidence is material to the issues in the case and that there was good reason for not presenting it in the agency proceeding. G.L.c. 30A, §14(5)-(6). In reviewing an agency decision, the court must give due weight to the experience, technical competence, and specialized knowledge of the agency, and may not substitute its own judgment for that of the agency. G.L.c. 30A, §14(7); Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992); Southern Worcester County Reg’l Vocational Sc. v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982).
*563 I. The Board did not commit error of law in its application of G.L.c. 90, §24(l)(f)(l) and Oliver has no statutory basis for requesting review of the matter.
Over the Board’s objection, Oliver attempted to introduce additional evidence at the motion hearing to contest the Board’s finding that she refused to submit to a chemical test when she was arrested for OUI in 2006. This refusal serves as the basis for the enhanced license suspension of five years in light of two prior OUI convictions or admissions to drug treatment programs under G.L.c. 90, §24(l)(f)(l). The court will not review evidence not presented at the agency proceeding and thus not in the record unless the party attempting to introduce the evidence shows good reason for not presenting it at the proceeding. G.L.c. 30A, §14(5)-(6). Oliver failed to show why she did not produce the evidence, namely Barnstable Police Department reports, at the Board hearing that addressed this same issue. As such, this court will not consider Oliver’s additional evidence and will confine review to the administrative record.
Regardless of whether this court could take notice of the additional evidence, Oliver has no statutory basis for requesting the court’s de novo review of the Board’s decision that she refused to submit to a chemical test. Pursuant to G.L.c. 90, §24(l)(g), “any person whose license . . . has been suspended under (§24(l)(f)(l)] shall, within fifteen days of suspension, be entitled to a hearing before the registrar . . .” This hearing is limited to the issues of whether the police officer had reasonable grounds to believe that the person had been operating a vehicle under the influence, whether the person was placed under arrest, and whether the person refused to submit to a chemical test. G.L.c. 90, §24(l)(g). Oliver’s proper recourse on the issue of whether she refused to submit to a chemical test in 2006 was a hearing at the Registry following its initial determination. Id. Only then could she file a petition for judicial review based on the record of the Registry’s hearing under G.L.c. 90, §24(l)(g). The court has no basis to review the Registry’s initial determination that she refused to submit to the chemical test and as such allows the Registry’s findings to stand.
II. The Board based its calculation of Oliver’s prior OUI convictions and alcohol programs for purposes of G.L.c. 90, §24(l)(f)(l) and G.L.c. 90, §24(1) (c)(3) on substantial evidence.
The remaining issue for the court’s review is whether the Board’s finding on appeal that the OUI 1998 in Arizona resulted in conviction for purposes of enhanced penalties under G.L.c. 90, §24(l)(f)(l) was based upon error of law or was not supported by substantial evidence. The court must examine the agency’s construction, interpretation, and application of relevant law in order to determine if the decision is free from legal error pursuant to G.L.c. 30A, §14(7)(c); see McDonough v. Contributory Retirement Appeal Bd., 15 Mass.App.Ct. 14, 15 (1982). Here, the relevant statutes applied by the Board are G.L.c. 90, §24(l)(f)(l) and G.L.c. 90, §24(l)(c)(3), which state, respectively:
(W]hoever operates a motor vehicle upon any way or in any place to which the public has right to access . . . shall be deemed to have consented to submit to a chemical test or analysis of his breath or blood in the event that he is arrested for operating a motor vehicle while under the influence of intoxicating liquor ... If the person arrested refuses to submit to such test or analysis ... he shall have his license . . . suspended in accordance with this paragraph for a period of 180 days .. . [A]ny person previously convicted of 2 such violations [under this section] shall have his license .. . suspended forthwith for a period of 5 years for such refusal; and provided further, that a person previously convicted of 3 or more such violations shall have his license . . . suspended forthwith for life based upon such refusal.
Where the license ... of any person has been revoked under (§24(1) (b)] and such person has been previously convicted or assigned to an alcohol or controlled substance education, treatment, or rehabilitation program because of a like offense by of a court of the commonwealth or any other jurisdiction two times preceding the date of the commission of the crime for which he has been convicted . . . the registrar shall not restore the license . . . until eight years after the date of conviction . . .
The Board applied these statutes based on its findings that Oliver was assigned to an alcohol program after the 1991 OUI arrest and that she was convicted of the 1998 OUI in Arizona, resulting in two like offenses prior to the 2006 OUI conviction. As such, the Board correctly interpreted and applied the statutes and its decision is free from legal error.
Finally, the court addresses whether the Registry presented substantial evidence to the Board to warrant the Board’s finding that the 1998 OUI arrest in Arizona resulted in a conviction for purposes of the enhanced license suspensions discussed previously. “Substantial evidence means such evidence as a reasonable mind might accept as adequate to support a conclusion.’’ G.L.c. 30A, §1(6). “The substantiality of evidence must take into account whatever in the record fairly detracts from its weight.” Cohen v. Bd. of Registration in Pharmacy, 350 Mass. 246, 253 (1966). Oliver argues that the certified Arizona Department of Transportation driving record of Jennifer Crighton James with driver’s license number B13377458 that references a plea of guilty for DUI with sentence imposed coupled with the Arizona driver’s license with number B13377458 and Oliver’s photograph on it do not constitute substantial evidence of a conviction of OUI. Instead, she argues that the 1998 Arizona OUI was a case of mistaken identity and that another *564 person with the name Jennifer James committed the OUI.
Melanie’s Law, St. 2005, c. 122, §6A, replaced G.L.c. 90, §24(4) governing proof of convictions under §24. Commonwealth v. Maloney, 447 Mass. 577, 582-83 (2006). It states in pertinent part:
In any prosecution commenced pursuant to this section, introduction into evidence of a prior conviction or a prior finding of sufficient facts by either certified attested copies of original court papers, or certified attested copies of the defendant’s biographical and informational data from records of the department of probation, any jail or house of corrections, the department of correction, or the registry [of motor vehicles], shall be prima facie evidence that the defendant before the court had been convicted previously or assigned to an alcohol or controlled substance education, treatment, or rehabilitation program by a court of the commonwealth or any other jurisdiction . . . The commonwealth shall not be required to introduce any additional corroborating evidence, nor live witness testimony to establish the validity of such prior convictions.
St. 2005, c. 122, §6A.
This section of Melanie’s Law expanded the kinds of documents that can serve as prima facie evidence of a prior OUI conviction under G.L.c. 90, §24. Maloney, 447 Mass. at 583. Mere identity of name, however, does not constitute sufficient proof that the person presently charged is the person referenced in the conviction documents. Commonwealth v. Koney, 421 Mass. 295, 301-02 (1995).
At the hearing before the Board, the Registry sought to prove Oliver’s OUI conviction through certified Arizona Department of Transportation, Motor Vehicle Division documents that indicate a person named Jennifer Crighton James with license number B13377458 pled guilty to and was sentenced for DUI in Maricopa County. The Registry also produced Oliver’s Arizona driver’s license, to which Oliver did not object, that bore the license number B13377458, the name Jennifer Crighton James, and a photograph of Oliver. Oliver also paid a reinstatement fee in Massachusetts on this Arizona offense. The Board found Oliver’s arguments at the hearing inconsistent and not credible, and this court on review must give deference to those findings of credibility. Therefore, the Registry did not attempt to prove the Arizona conviction through mere identity alone, but had other documents, namely the Arizona license, that sufficiently linked Oliver to the 1998 OUI conviction in Arizona. Koney, 421 Mass. at 301-02.
Based on the administrative record, this court finds that the certified copies of Arizona Motor Vehicle Division documents coupled with a matching photograph of Oliver and her own admission that she paid the reinstatement fee based upon this OUI constitute substantial evidence pursuant to G.L.c. 30A, §1(6). The Board based its calculation of Oliver’s prior OUI convictions for purposes of enhanced license suspensions under G.L.c. 90, §24(l)(f)(l) and G.L.c. 90, §24(1) (c)(3) on substantial evidence and accordingly, the court affirms the Board’s decision.
ORDER
For the foregoing reasons, judgment shall enter DENYING Plaintiffs motion for judgment on the pleadings and AFFIRMING the Board’s decision.

For the relevant time period in this action, Oliver has gone by the names Jennifer Oliver, Jennifer James, Jennifer Crighton, Jennifer Crighton James, and Jennifer Tufts.