NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-881

COMMONWEALTH

vs.

TARIQ R. SABREE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Tariq R. Sabree, appeals from his conviction in the District Court of operating a motor vehicle while under the influence of intoxicating liquor (OUI), second offense.[1]  On appeal, the defendant argues that there was reversible error (1) where a police officer testified, over objection, that the defendant was "operating under the influence," (2) where the trial judge did not sua sponte instruct the jury as to the proper use of the officer's opinion testimony, and (3) where the prosecutor misstated critical evidence and engaged in improper vouching in his closing argument.  We affirm.

---

[1] After a jury trial on the underlying charge, the defendant entered a guilty plea to the second offense portion.  "With the parties' consent," the judge found the defendant not responsible for a marked lanes violation and improper use of a mobile phone.

Background. a. The incident. Witness David Feeney testified at trial to the following facts. At approximately 12:30 P.M. on December 14, 2020, Feeney was driving on Center Street in Easton. A vehicle on a side street failed to stop at a stop sign and took a wide turn onto Center Street in front of Feeney. The vehicle, later identified as a black Nissan Maxima, crossed over the double yellow line before correcting itself to drive within the lane. About a mile later, the Maxima failed to negotiate a turn in the road and crashed into a large traffic island called "the monument." The driver was the only person in the Maxima, which remained in gear with the front propped up and the tires spinning. Feeney attempted to speak with the Maxima driver, but the driver just stared forward blankly. At trial, Feeney identified the defendant as the Maxima driver.

An Easton police officer testified that on the day and time in question, he observed a black Nissan Maxima with front-end damage that had gone up and over the curb at the monument. The officer spoke with the defendant, who was still sitting in the driver's seat. The officer detected an odor of alcohol and noticed the defendant had bloodshot and glassy eyes, slurred speech, and delayed responses.

The defendant told the officer that he had been texting while driving when he crashed the Maxima. The defendant also admitted that he had been drinking, telling the officer that "he

2

drank approximately one-quarter of a handle of vodka" and that his last beverage was at 11 $\underline{A}$.$\underline{M}$., one hour and forty minutes before the crash.  The officer later found a bottle of one hundred proof vodka that was approximately sixty percent empty in the Maxima.

The officer administered field sobriety assessments.  On the nine-step walk-and-turn, the defendant was not touching his heel to his toe and he did not complete the turn as demonstrated by the officer.  On the return, the defendant stepped off the line, missed touching his heel to toe on four of the return steps, raised his arms, and "would not complete all of the nine steps."  The defendant also attempted the one leg stand, during which he swayed, raised his arms, and placed his foot down on the ground.  The officer permitted the defendant to try again and the defendant almost fell over while waiting to restart.  On the second attempt, the defendant kept his hands in his pockets, placed his foot down, swayed, and almost fell over.  The officer discontinued the second attempt for the defendant's safety.  The officer also asked the defendant to recite the alphabet from the letter C to M.  The defendant sang rather than recited and did not stop at M, instead singing the last five letters "L-M-N-O-P" as one word.  Based on these observations, the officer placed the defendant under arrest.

b.  Jury instructions.  After the prosecutor's closing argument, defense counsel requested a sidebar conference during which she raised concerns that the prosecutor had improperly bolstered the credibility of the testifying officer.  The judge agreed and immediately instructed the jury that:

> "[W]hen you're considering the testimony you are to put no more weight on the evidence of the testimony presented by a police officer simply by virtue of that person's role as a police officer than you would have a lay witness.  All right?

> "So you would put no higher weight on the testimony offered by the police officer simply because of the role that he plays."

During his final charge to the jury, the judge instructed the jury:

> "Your function as the jury is to determine the facts of the case.  You alone determine what evidence you believe, how important any evidence is that you do believe, and what conclusions to draw from that evidence."

The judge also instructed the jury that "[i]n evaluating a witness'[s] testimony you have to decide what testimony to believe and how much weight to give it."

As part of that charge, the judge instructed the jury on what they could and could not consider as evidence, including that opening and closing statements are not evidence and are "only intended to assist [the jury] in understanding the evidence and the contentions of each party."  The judge also instructed the jury that it was for the jury to decide whether

4

to rely on the field sobriety tests, reject them, or give them the weight the jury thought they deserved.

At the end of the charge, the judge asked both attorneys whether they were satisfied with the instructions or whether they wanted any further instruction. Both attorneys declined.

Discussion. 1. The officer's opinion testimony. The Commonwealth correctly concedes that the officer's testimony that the defendant was "operating under the influence" is prohibited. See Commonwealth v. Canty, 466 Mass. 535, 536 (2013) ("[W]e conclude that a police officer who observed the defendant may offer an opinion as to the defendant's level of intoxication arising from the consumption of alcohol, but may not offer an opinion as to whether the defendant's intoxication impaired his ability to operate a motor vehicle"); Commonwealth v. Jones, 464 Mass. 16, 17 n.1 (2012) (same for "lay witnesses, including police officers"). However, because we conclude that the error did not prejudice the defendant, we affirm.[2]

---

[2] The parties disagree as to the applicable standard of review. Through a discussion at sidebar, defense counsel articulated the basis of the objection to the officer's testimony. Considering the adequacy of the objection "in the context of the trial as a whole," we assume, without deciding, that the issue was properly preserved for appeal. Jones, 464 Mass. at 19 n.4, quoting Commonwealth v. Koney, 421 Mass. 295, 299 (1995).

5

In Canty, the Supreme Judicial Court concluded that a similar error was not prejudicial[3] where there was overwhelming evidence of the defendant's guilt and the judge explicitly instructed "the jury that they ultimately must determine whether the defendant was under the influence of alcohol, and that they may consider any opinion they heard about the defendant's sobriety 'and accept it or reject it.'"  466 Mass. at 545.  This court similarly concluded in Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 389-391 (2017), that the prejudice from improper trooper opinion testimony that "the defendant's level of intoxication rendered her impaired to operate her vehicle . . . would be relatively modest given what must have been obvious to the jury, i.e., that the arresting trooper believed that the defendant's ability to operate her car was impaired by alcohol consumption," and in light of an appropriate limiting instruction.

Here, any risk of prejudice was diminished by the jury instructions.  The judge instructed the jury that they were to put no higher weight on testimony of a police officer and that it was the jury's job alone to determine the facts.  Moreover, as in Canty and Gallagher, the evidence of the defendant's

_____

[3] "An error is not prejudicial, if it did not influence the jury, or had but very slight effect . . ." (quotation and citation omitted).  Canty, 466 Mass. at 545.

6

intoxication while operating a motor vehicle was "compelling, if not overwhelming, . . . apart from the improper opinion testimony." Gallagher, 91 Mass. App. Ct. at 390. The defendant admitted to drinking approximately one-quarter of a handle of vodka and to last drinking approximately an hour and one-half before he crashed his Maxima. A partially-consumed bottle of vodka was in the Maxima. Another driver described the defendant's erratic driving just before the crash. An officer observed an odor of alcohol emanating from the defendant, that his speech was slurred, and that his responses were delayed. The officer also observed that the defendant's eyes were bloodshot and glassy. The defendant's performance during three field sobriety exercises also indicated impairment, including an inability to follow instructions and poor balance and coordination. Accordingly, we conclude that the admission of the officer's testimony was not prejudicial and therefore does not warrant reversal.

2. Jury instruction. The defendant next argues that the judge's failure to, sua sponte, give an additional jury instruction regarding proper use of the police officer's opinion testimony constituted reversible error. The defendant argues that this instruction was particularly necessary as the jury could have understood the officer's testimony as expert opinion rather than lay opinion. We are unpersuaded, and we have

7

repeatedly concluded that a judge need not give such an instruction where it was not requested and that the lack of such an instruction does not create a substantial risk of a miscarriage of justice. See, e.g., Commonwealth v. Waite, 102 Mass. App. Ct. 578, 581-582 (2023) (trooper's lay testimony need not require instruction sua sponte as to jury's treatment of said testimony); Commonwealth v. Moreno, 102 Mass. App. Ct. 321, 325-326 (2023) (officer's opinion regarding defendant's sobriety is lay opinion and no further instruction required). Further, following an objection to the prosecutor's closing argument, the judge instructed the jury "to put no more weight on the evidence of the testimony presented by a police officer simply by virtue of that person's role as a police officer than you would have a lay witness."

3. Prosecutor's closing argument. Remarks in a prosecutor's closing argument "are considered in the context of the whole argument, the evidence admitted at trial, and the judge's instructions to the jury." Commonwealth v. Walters, 472 Mass. 680, 703 (2015). The defendant argues that the prosecutor's closing argument was improper in two respects and that the cumulative effect of those errors deprived him of a fair trial. We disagree.

First, the defendant argues for the first time on appeal that the prosecutor misstated the evidence when he argued in

closing that the defendant said "that he had just consumed approximately one-quarter of a handle of vodka, approximately recently being within an hour and a half" of the accident. The arresting officer's testimony was that the defendant admitted he had drunk one-quarter of a handle of vodka, and said he consumed his last drink an hour and one-half before the accident. Although the prosecutor could have more artfully phrased the point, even assuming that the prosecutor misstated the evidence, we discern no substantial risk of a miscarriage of justice.[4] See Commonwealth v. Shruhan, 89 Mass. App. Ct. 320, 326-327 (2016). The defendant admitted to consuming approximately one-quarter of a handle of vodka the day of the crash, which was around 12:40 P.M.; he admitted his last drink was at about 11 A.M.; and there was a bottle of vodka in the car that was sixty percent consumed. As already described, other evidence of his intoxication was significant. Also, the judge instructed the jury that closing arguments are not evidence. See Commonwealth

---

[4] The defendant also claims that trial counsel was ineffective for failing to object. "[W]hen a defendant alleges that his failure to preserve an issue for appeal stems from ineffective assistance of counsel, as this defendant has, we do not evaluate the ineffectiveness claim separately." Commonwealth v. Randolph, 438 Mass. 290, 296 (2002). Instead, "[if] we determine that an error has been committed, . . . ineffectiveness is presumed if the attorney's omission created a substantial risk, and disregarded if it did not." Id. As the prosecutor's presumed misstatement of the record did not create a substantial risk of a miscarriage of justice, the defendant has failed to prove ineffective assistance.

v. Cifizzari, 397 Mass. 560, 578 (1986) (where prosecutor referred to facts not in evidence, "the judge corrected any possible error by instructing the jury that arguments of counsel were not evidence").

Second, the defendant contends that the prosecutor's closing constituted improper vouching when he argued, "Finally, I'd ask you to consider the opinion of an experienced police officer. We all know what someone [who has] had too much to drink looks like, but a police officer . . . might have a couple of advantages . . . . They have special training." Because the defendant timely objected, "we evaluate whether the defendant was prejudiced thereby, considering the remarks in the context of the entire argument, the trial testimony, and the judge's instructions to the jury." Commonwealth v. Beaudry, 445 Mass. 577, 584 (2005).

Assuming that the prosecutor's statement was improper, we discern no reversible error. After defense counsel objected, the judge gave a limiting instruction. Specifically, as indicated above, the judge instructed the jury that a police officer's testimony is not entitled to more weight than a lay witness simply by virtue of that person's role as a police officer. Defense counsel did not request a stronger instruction. The judge then gave sufficient instructions in his final charge, to which defense counsel did not object, that

10

closing arguments "are not a substitute for evidence" and that the jurors "are the sole judges of the credibility of these witnesses."  Considering "the context of the whole argument, the evidence admitted at trial, and the judge's instructions to the jury," Walters, 472 Mass. at 703, the prosecutor's statements were not prejudicial.  See Commonwealth v. Akara, 465 Mass. 245, 262 (2013) (error in prosecutor's closing not prejudicial where judge gave charge "following shortly after closing argument and responding to the prosecutor's improper argument").

Judgment affirmed.

By the Court (Massing, Henry & Grant, JJ.[5]),

Clerk

Entered:  July 1, 2024.

---

[5] The panelists are listed in order of seniority.

11