COMMONWEALTH *vs.* BRADFORD T. BOWDEN.

Middlesex. September 6, 2006. - October 24, 2006.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, & CORDY, JJ.

*Motor Vehicle,* Operating under the influence, Habitual traffic offender. *Habitual Offender. Practice, Criminal,* Prior conviction. *Evidence,* Prior conviction, Prima facie evidence.

In a proceeding under G. L. c. 278, § 11A, the evidence was sufficient to determine that the defendant had been convicted of three prior offenses of operating a motor vehicle while under the influence of an intoxicant (OUI), where G. L. c. 90, § 24 (4), contained no requirement that such convictions be proved solely by certified copies of each prior conviction along with corroborative probation office information, and likewise contained no requirement of accompanying live witness testimony; and where the evidence presented (which consisted of certified registry of motor vehicle records containing references to three prior OUI offenses and court records of the latter two convictions) was sufficient not only to permit a rational trier of fact to conclude that there were three prior offenses, but also to warrant the conclusion that the defendant was the person who had been convicted of those offenses. [597-602]

COMPLAINT received and sworn to in the Cambridge Division of the District Court Department on September 13, 2004.

The case was heard by *Jonathan Brant,* J.

The Supreme Judicial Court granted an application for direct appellate review.

*Joshua R. Weinberger* for the defendant.

*Kevin J. Curtin,* Assistant District Attorney, for the Commonwealth.

COWIN, J. The defendant appeals his conviction pursuant to G. L. c. 90, § 24 (1) (*a*) (1), as amended through St. 2003, c. 28, of operating a motor vehicle while under the influence of alcohol (OUI), fourth offense. He grounds his appeal on the contention that the Commonwealth did not present sufficient evidence to prove that he had committed the prior offenses. We granted direct appellate review. We conclude that the evidence was sufficient, and therefore affirm the judgment.

1. *Legal framework.* The offense of OUI and penalties for the first and subsequent offenses are set forth in G. L. c. 90, § 24. The statute defines OUI, for our purposes, as "operat[ing] a motor vehicle with a percentage, by weight, of alcohol in [the operator's] blood of eight one-hundredths or greater, or while under the influence of intoxicating liquor . . . ." G. L. c. 90, § 24 (1) (*a*) (1). The statute provides enhanced penalties for subsequent offenses. For example, a defendant may face more substantial fines and a longer term of incarceration if he "has been previously convicted or assigned to an alcohol . . . education, treatment, or rehabilitation program by a court . . . because of a like offense three times preceding the date of the commission of the offense for which he has been convicted."[1] *Id.* Trial of a subsequent OUI offense entails two separate proceedings. See G. L. c. 278, § 11A. The defendant is tried first for the crime presently charged, and if guilty, he is entitled to a separate "trial of the issue of conviction of . . . prior offenses." *Id.*

General Laws c. 90, § 24 (4), inserted by St. 1986, c. 620, § 13, set forth the type of evidence that could be used to establish the prior convictions[2]:

> "In any prosecution commenced pursuant to this section, introduction into evidence of a prior conviction or prior finding of sufficient facts by . . . certified attested copy of original court papers, accompanied by a certified attested copy of the biographical and informational data from official probation office records, shall be prima facie evidence that a defendant has been convicted previously or assigned to an alcohol or controlled substance education, treatment, or rehabilitation program because of a like offense by a court of the commonwealth one or more times preceding the date of commission of the offense for which said defendant is being prosecuted."

On its face, § 24 (4) endorsed proof of the Commonwealth's prima facie case by court papers (reflecting prior "like" of-

---

[1]There are also provisions specifying lesser enhancements for conviction of second and third offenses.

[2]We use the past tense because the statute was amended after conclusion of the trial at issue here. See St. 2005, c. 122, § 6A.

fenses) accompanied by probation office records (for purposes of identifying the defendant). The provision did not restrict expressly the evidence sufficient to prove prior OUI offenses, nor did it expressly authorize use of other evidence, such as records of the registry of motor vehicles (RMV) or live witnesses.

2. *Background.* The defendant was charged in the Cambridge Division of the District Court Department with OUI, fourth offense.[3] The charge resulted from an arrest in September, 2004. At trial, the defendant pleaded guilty to the OUI offense. Then, in a separate trial held pursuant to G. L. c. 278, § 11A, the Commonwealth sought to establish that this was the defendant's fourth offense. To prove the three prior convictions (or assignments by courts to alcohol programs), the Commonwealth presented the following evidence.

The police officer who arrested the defendant in 2004 identified the defendant in court as the person whom he had arrested and recited the name, date of birth, and address that the defendant had given him. Certified records of the RMV also assisted in establishing the defendant's identity.[4] The records contained a color photograph of the defendant, his full name and date of birth, and his current and former addresses. Those RMV records contained references to three prior OUI offenses. In particular, the RMV records reflected an entry in 1989 for "DWI[5] Alcohol Program Watertown G," that stated a code number indicating that the record related to a matter in the Waltham Division of the District Court Department (first offense).

The Commonwealth also introduced court records of the latter two convictions. Certified prior convictions stated that, as a result of an incident in 1994, the defendant was convicted of OUI, second offense (second offense), and that as a result of an

[3]The defendant was charged initially with OUI, third offense, but the complaint was amended to charge a fourth offense.

[4]All of the official records were certified and admitted over objection. See Mass. R. Crim. P. 40 (a) (1), 378 Mass. 917 (1979). See also *Commonwealth v. Verde*, 444 Mass. 279, 283 (2005). Despite the facts that the defendant objected to the admissibility of the documentary evidence and that this evidence was admitted over objection, he has not pursued the issue on appeal.

[5]We understand that "DWI," driving while intoxicated, is the same as the offense of "operating under the influence" or OUI.

incident in 1995, he was convicted of OUI, third or subsequent offense (third offense). The full name and date of birth that were displayed on the court records matched the defendant's information in RMV data, as well as the information that the defendant gave the arresting officer during the 2004 incident. The addresses in the court records also correlated generally to the prior addresses of the defendant contained in RMV records.[6]

The Commonwealth contended that court records relating to the third offense conviction were sufficient to prove there had been three "like" offenses prior to the 2004 incident (i.e., a third offense and two earlier offenses), thereby providing the basis for a fourth offense conviction. It argued that one conviction for third offense OUI was sufficient to establish the fact of the three prior convictions. The Commonwealth maintained as well that other evidence demonstrated that the instant offense was the fourth one. The court record of conviction of second offense OUI indicated a conviction of a first and second offense, RMV records reflected all three offenses, and RMV records and the testimony of the officer provided the defendant's biographical information. The judge denied the defendant's oral motion for a determination that "there [was not] sufficient evidence for [conviction of] a fourth offense" (which we take as the equivalent of a motion for a required finding) and found beyond a reasonable doubt that the defendant had committed three prior "like" offenses. He based the finding on all the evidence, in particular, the testimony of the officer, a photograph in RMV records that "appear[ed] to be" the defendant, and the information in court and RMV records. The judge sentenced the defendant accordingly.

---

[6]The court record of the third offense bore the address reflected in the registry of motor vehicles (RMV) records as the defendant's residence at the time (excepting the postal code). The court record of the second offense had the same city as the RMV records but did not have the same street address. The discrepancy appeared to arise from an error of transcription ("12 Thornbridge St., Cambridge, MA," appeared in the court record, while "112 Trowbridge St., Cambridge, MA," appeared in the RMV record).

The complaint for the last offense contained more substantial identifying information such as Social Security number, gender, and height, which also matched RMV records, but the address in court records (given by the defendant to the arresting officer) was slightly different from the address reflected in RMV records; the last digit of the street number and the last digit of the postal code were different.

3. *Discussion.* The defendant claims that the evidence was insufficient based on his interpretation of G. L. c. 90, § 24 (4), and our holdings in prior cases. Specifically, he construes our prior cases, and implicitly the statute, as requiring that the Commonwealth introduce certified copies of each prior conviction and argues that the evidence admitted (including certified court papers showing a conviction for OUI, third offense) was insufficient. He also maintains that the statute permitted the Commonwealth to use biographical information from the probation office to prove the offenses, but not biographical information from RMV records. Finally, he argues that, pursuant to our holding in *Commonwealth* v. *Koney,* 421 Mass. 295, 302 (1995), and an amendment to § 24 (4) that was inapplicable to his trial, "live witness" testimony was required to prove that he was the defendant in the court records, and that the officer's testimony could not establish that fact. We address these arguments together because they all involve construction of the statute and the sufficiency of evidence.

We begin by considering whether the defendant's claims regarding the OUI statute, G. L. c. 90, § 24, and in particular § 24 (4), are correct, i.e., that the statute required three certified records of convictions, along with records of the probation office and "live testimony." As discussed in *Commonwealth* v. *Maloney, ante* 577, 582 (2006), the Legislature may set forth the proof necessary to demonstrate guilt of an offense.

The plain language of § 24 (4) identified as "prima facie evidence" any "certified attested cop[ies] of original court papers" tending to prove the existence of a "prior conviction or prior finding of sufficient facts," where the papers were accompanied by probation office information. The provision did not contain language expressly requiring introduction of the above evidence. It was silent concerning RMV records and "live witness" testimony.

The defendant argues that we should interpret the "expression of one [or more] thing[s]" in § 24 (4) as "an implied exclusion of other things omitted from the statute." See *Harborview Residents' Comm., Inc.* v. *Quincy Hous. Auth.,* 368 Mass. 425, 432 (1975). He maintains that, because the above proof was expressly approved, use of other proofs was implicitly

forbidden, although at oral argument he conceded somewhat inconsistently that not all other proofs would necessarily be impermissible or insufficient. It would follow, he contends, that the evidence admitted at trial was thus insufficient.

We assume that, if the Legislature intended evidence of prior offenses to be limited in the manner argued by the defendant, it would have said so explicitly. See *Bech* v. *Cuevas*, 404 Mass. 249, 254 (1989). The purpose of § 24 (4) was not to restrict evidence, but to highlight an easily obtainable minimum to prove a prima facie case. The statute did not state that, because two types of proof were named, nothing else could be used. It said only that this was *one* way to meet the burden of proof for penalty enhancement pursuant to § 24.[7] The defendant's interpretation is inconsistent with our construction of analogous statutes, runs counter to the Legislature's intent, and relies on an unwarranted distinction among the pieces of evidence and testimony presented by the Commonwealth.

Our interpretation of § 24 (4) is consistent with decisions construing similar language elsewhere in the General Laws. For example, G. L. c. 111, § 13, provides that a duly executed certificate of a qualified analyst (State or Federal) "shall be prima facie evidence" of the attributes of a narcotic or other drug, poison, medicine, or chemical. In *Commonwealth* v. *Dawson*, 399 Mass. 465, 467 (1987), we concluded that the provision did not require the type of proof endorsed by the statute to the exclusion of all other manner of proof. We stated that other evidence of the attributes of a substance was also sufficient, such as testimony of an "experienced user of a controlled substance . . . that a substance that he saw and used was a particular drug." *Id.* The same is true of another statute that states that certain proof is "prima facie" evidence of a particular fact. See *Commonwealth* v. *Baker*, 368 Mass. 58, 82-83 (1975) (interpreting G. L. c. 175, § 176). The provisions in question do not prohibit proof by means other than the kind specifically mentioned.

The legislative history of § 24 (4) likewise supports the conclusion that the Legislature did not intend to limit the

---

[7]Section 24 (4) also did not bear explicitly on admissibility. It related to relevance and sufficiency, not admissibility.

evidence that could be used to prove prior OUI offenses. The provision was added to the OUI statute by St. 1986, c. 620, § 13, part of an emergency act whose purpose, as stated in the preamble, was to "immediately provide for an increase in the penalties for [OUI] . . . , [that being] necessary for the immediate preservation of the public safety." St. 1986, c. 620, preamble. At a time when the Legislature perceived a need for increased penalties to combat the threat presented by intoxicated drivers, the Legislature hardly would have been disposed to restrict the type of evidence available to prove prior convictions. See 1986 House Doc. No. 4705, at 1 (Governor's letter proposing amendment). It was not the purpose of the amendment that added § 24 (4) to render the evidence listed therein the sole method of proof, nor was its purpose to create a requirement that "live witness" testimony be presented.

We are not persuaded that there is merit to the distinctions proffered by the defendant. The record discloses no material difference between the RMV and probation offices for purposes of generating reliable driving and biographical information, and little difference between the RMV and courts with respect to generating records of "like" OUI offenses. Our statutes generally command licensed drivers and courts to convey to the RMV in timely fashion the information at issue here.[8] A driver is also required to recite to an inquiring police officer (such as the officer that arrested the defendant in 2004) the operator's true "name and address." See G. L. c. 90, § 25. A limitation on the usefulness of court records likewise would be unsound. A judgment of conviction for a third offense may appropriately be relied on to establish culpability for the first two offenses.

The statute at issue, G. L. c. 90, § 24 (4), was amended after the trial of the instant case. The amendment, St. 2005, c. 122, is known as "Melanie's Law," and the parties agree that it does

---

[8]Licensed drivers must inform the RMV of biographical and descriptive information (such as current address) to obtain a license, and they must renew their operators' licenses regularly. G. L. c. 90, § 8. See 540 Code Mass. Regs. § 2.06(3) (1996). Courts must "immediately" report to the registrar of motor vehicles any revocation of a license that results from an OUI conviction. G. L. c. 90, § 24 (1) (*b*).

not govern this case. The defendant contends, however, that the changes made by Melanie's Law support his arguments, that under the version of the statute in effect at the time of his trial, probation records and "live witness" testimony were required. He contends that the amendment to § 24 (4) made by Melanie's Law aids in interpreting the statute as existing before the amendment. That law amended § 24 (4) to permit the use of various types of records (jail, house of correction, department of correction, probation, or RMV) as alternatives to certified prior convictions to establish prima facie evidence of a defendant's previous conviction.[9] The amendment also specifically states that live witness testimony is not required.[10]

The defendant contends that the amendment would have been superfluous if it endorsed types of proof that had previously been sufficient. He argues that the court should interpret the prior § 24 (4) as prohibiting reliance by the finder of fact on RMV records and requiring "live witness" testimony, because a contrary interpretation would render superfluous the changes brought about by Melanie's Law. See *Kobrin* v. *Gastfriend,* 443

---

[9]The amendment accomplished this by substituting for the prior requirement that convictions "be accompanied by" official probation records, that convictions now could be proved by prior convictions *or* copies of biographical data from any of the criminal justice agencies. General Laws c. 90, § 24 (4), now provides:

> "In any prosecution commenced pursuant to this section, introduction into evidence of a prior conviction or a prior finding of sufficient facts by either certified attested copies of original court papers, or certified attested copies of the defendant's biographical and informational data from records of the department of probation, any jail or house of correction[], the department of correction, or the registry, shall be prima facie evidence that the defendant before the court had been convicted previously or assigned to an alcohol or controlled substance education, treatment, or rehabilitation program by a court of the commonwealth or any other jurisdiction. Such documentation shall be self-authenticating and admissible, after the commonwealth has established the defendant's guilt on the primary offense, as evidence in any court of the commonwealth to prove the defendant's commission of any prior convictions described therein. The commonwealth shall not be required to introduce any additional corroborating evidence, nor live witness testimony to establish the validity of such prior convictions."

[10]See *Commonwealth* v. *Maloney, ante* 577, 585-592 (2006), for a discussion of the constitutionality of St. 2005, c. 122, § 6A.

Mass. 327, 332 (2005); *Commonwealth* v. *McCaughey*, 9 Gray 296, 297 (1857).

The defendant's argument fails because the amendments to § 24 (4) have a meaning entirely different from that which he suggests. Melanie's Law has authorized a variety of types of evidence that will constitute prima facie evidence. It permits the Commonwealth to use prior convictions alone or various criminal justice records to prove the prior offenses. The statement that no live witness testimony is required codifies prior law, and is thus not superfluous. Cf. *ACE Property & Cas. Ins. Co.* v. *Commissioner of Revenue*, 437 Mass. 241, 248-249 (2002) (duplicate codification superfluous because other language "already stated unambiguously" existing law). The language does not suggest that, before Melanie's Law, § 24 (4) required probation office records and "live witness" testimony.

Having concluded that the Legislature did not set forth in § 24 (4) a requirement that the listed evidence be presented, we turn to our prior cases concerning sufficiency of evidence. We have said that proof is sufficient if "there was enough evidence that could have satisfied a rational trier of fact of each . . . element [of the crime] beyond a reasonable doubt."[11] *Commonwealth* v. *Latimore*, 378 Mass. 671, 677-678 (1979). A finder of fact may draw any reasonable and possible inference from the evidence. See, e.g., *Commonwealth* v. *Lao*, 443 Mass. 770, 779 (2005). Circumstantial evidence may be sufficient to prove matters in dispute, including the existence of prior offenses.[12] In respect to proof of prior convictions, we require more than "[m]ere identity of name" from the documents introduced, see *Commonwealth* v. *Koney*, 421 Mass. 295, 302

---

[11]Prior convictions must be proved beyond a reasonable doubt, *Commonwealth* v. *Pagan*, 445 Mass. 161, 169, 174 (2005), even though a prior conviction is not formally an element of the crime for some purposes, *Commonwealth* v. *Murphy*, 389 Mass. 316, 321 (1983), because G. L. c. 278, § 11A, expressly requires trial of "the issue of conviction of a prior offense, subject to all of the provisions of law governing criminal trials."

[12]We are in harmony with the Federal courts and courts of other jurisdictions in permitting any competent evidence of prior convictions for determination of applicable penalty. See, e.g., *United States* v. *Stobaugh*, 420 F.3d 796, 803 (8th Cir. 2005), cert. denied, 126 S. Ct. 1093 (2006); *Wilson* v. *Commonwealth*, 578 S.E.2d 831, 833 (Va. Ct. App. 2003).

(1995), but we have never said that live witness testimony was required.

Consistent with these authorities, the conviction here was well supported. Evidence was admitted at trial of prior "like" offenses, which was sufficient to permit a rational trier of fact to conclude that there were, in fact, three prior offenses. Proof was also admitted that was sufficient to warrant the conclusion that the defendant was the person who was convicted of these offenses. The Commonwealth demonstrated not only "identity of name," but also a correlation in court records with the defendant's date of birth and prior addresses. RMV records, which contained more particularized identifying information (including a photograph that "appear[ed] to be" the defendant), also reflected the offenses and the fact that they were the defendant's.

4. *Conclusion.* The evidence was sufficient to permit a rational trier of fact to conclude beyond a reasonable doubt that the defendant had "been previously convicted or assigned to an alcohol . . . education, treatment, or rehabilitation program by a court . . . because of a like offense three times preceding the date of the commission of the [2004 OUI] offense." See G. L. c. 90, § 24 (1) (*a*) (1).

*Judgment affirmed.*