SUPREME JUDICIAL COURT 
 
 COMMONWEALTH vs. BOIMA COLLINS

 
 Docket:
 SJC-13699
 
 
 Dates:
 March 3, 2025 - June 10, 2025
 
 
 Present:
 Budd, C.J., Gaziano, Kafker, Wendlandt, Georges, Dewar, & Wolohojian, JJ.
 
 
 County:
 Suffolk
 

 
 Keywords:
 Firearms. License. Evidence, Prior conviction, Prior misconduct, Relevancy and materiality, Presumptions and burden of proof, Identity. Practice, Criminal, Prior conviction, Presumptions and burden of proof, Instructions to jury.
 
 

       Indictments found and returned in the
Superior Court Department on September 19, 2022.
      The cases were tried before Jackie A.
Cowin, J.
      The Supreme Judicial Court granted an
application for direct appellate review.
      Mathew B. Zindroski (William J. Sprouse
also present) for the defendant.
      Elisabeth Martino, Assistant District
Attorney, for the Commonwealth.
      DEWAR, J. 
In 2023, a jury convicted the defendant, Boima Collins, of carrying a
firearm without a license and other charges. 
To meet the Commonwealth's burden to prove that the defendant did not
possess a license to carry a firearm, the Commonwealth moved to introduce
evidence, in the form of a certified copy of a court record, that the defendant
had been convicted in 1998 of a prior felony offense.  Because a person previously convicted of a
felony is barred from obtaining a license to carry, see G. L. c. 140,
§ 131 (d) (i) (A), evidence of a prior felony conviction
would tend to prove that the defendant did not have a firearms license.  Allowing the motion over the defendant's
objection, the trial judge admitted the record with certain information
redacted and repeatedly instructed the jury that they could consider this
evidence only on the question whether the defendant possessed a license. 
      On appeal, the defendant argues that the
judge abused her discretion by admitting the redacted court record.  The defendant contends that the judge failed
to apply the proper standard for admission of evidence of a defendant's prior
bad act; that the risk of unfair prejudice from the evidence was greater than
its probative value; and that the Commonwealth had an alternative, less
prejudicial way of proving lack of licensure. 
The defendant also claims that the jury should have been instructed that
they could consider this evidence of lack of licensure only if the Commonwealth
proved beyond a reasonable doubt that the defendant was the same person named
in the record.  He further contends that
the evidence was in any event insufficient to prove he lacked a license,
because the Commonwealth failed to prove that he was the same person named in
the record. 
      There was no prejudicial error in the
admission of the evidence of the defendant's prior conviction.  While the judge's written order did not apply
the more exacting standard for admission of evidence of a defendant's prior bad
act, the judge correctly determined in weighing the evidence's probative value
against the risk of unfair prejudice that the evidence was highly probative of
a central issue at trial; she took appropriate steps to mitigate the risk of
unfair prejudice, including giving the jury robust limiting instructions; and
the decades-old prior conviction was for an offense not similar to the charged
conduct, thus reducing the likelihood of improper propensity reasoning by the
jury.  We also conclude that the judge's
instructions to the jury were not erroneous in the respect claimed by the
defendant, and that the evidence on the element of lack of licensure was
sufficient.  We therefore affirm the
defendant's convictions. 
      Background.  1. 
Facts.  We recite the facts in the
light most favorable to the Commonwealth, reserving certain details for later
discussion.  See Commonwealth v.
Latimore, 378 Mass. 671, 676-677 (1979).
      On July 10, 2021, at around 11:30 A.M.,
police responded to a report of a shooting at an apartment building in the
Dorchester section of Boston.  The victim
had dialed 911 and told the emergency telephone operator that he had been shot
by a person called "Craze." 
The victim reported that the shooter was a "heavyset" male
wearing tan work boots who had fled on a gray scooter toward another street. 
      Upon arriving, officers found the victim
in an ambulance with a single bullet wound to his upper left leg.  A resident of the building had witnessed the
events leading up to the shooting.  This
witness was acquainted with both the victim and the defendant, whom she too
knew as "Craze."  The witness testified
that, immediately prior to the shooting, she and the defendant had been
consuming cocaine in her apartment when the victim arrived unexpectedly.  The two men began to "exchang[e]
words" over the victim's tendency to abuse the witness.  At that point, the witness exited the
room.  When she returned, she saw the
victim limping away from the apartment.  
      Using the victim's descriptions of the
shooter, his scooter, and the direction in which he fled, police traced the
defendant's path in surveillance video footage. 
They located the defendant's scooter outside another apartment building,
and the defendant emerged from the building shortly thereafter.  Police handcuffed him and read him his
Miranda rights.  The defendant thereafter
mentioned to police that his birthday was the following day, thus implying that
his birthday was July 11.  
      At the building where the defendant was
located, residents of one of the apartments consented to a search of the
apartment.  There, police found a small
black bag that appeared similar to one worn by the operator of the scooter in
the surveillance video.  Inside the bag,
police found a loaded revolver with one empty chamber.  Police had searched for, but not found, spent
shell casings at the scene of the shooting; this absence suggested that the
shooter used a revolver, because revolvers do not eject spent shell casings. 
      2. 
Procedural history.  The defendant
was indicted for assault and battery by discharge of a firearm, G. L. c. 265,
§ 15E; carrying a firearm without a license, fourth offense, G. L. c.
269, § 10 (a); carrying a loaded firearm without a license, G. L. c. 269,
§ 10 (n); and possession of ammunition without a license, G. L. c.
269, § 10 (h).  He pleaded not guilty to
all charges. 
      The defendant's trial was scheduled for
July 2023, approximately three months after this court first held that, in
every prosecution for unlawful possession of a firearm, the Commonwealth bears
the burden to prove beyond a reasonable doubt that the defendant did not have a
firearms license, regardless of whether the defendant raises a defense that he
was licensed.  See Commonwealth v.
Guardado, 491 Mass. 666, 690 (Guardado I), S.C., 493 Mass. 1 (2023), cert.
denied, 144 S. Ct. 2683 (2024).  To
satisfy this element in the defendant's case, the Commonwealth moved to admit
evidence that the defendant had been convicted in 1998 of a felony offense
under G. L. c. 266, § 28, and thus was ineligible for a firearms
license, see G. L. c. 140, § 131 (d) (i) (A).  
      At a hearing on the motion, the defendant
opposed admission of this evidence on the ground that it was more prejudicial
than probative.  He further argued that
the Commonwealth could prove lack of licensure through less prejudicial means,
such as offering testimony from a representative of the Department of Criminal
Justice Information Services (CJIS) that the defendant's name is absent from a
database of firearms license holders.[1] 
The Commonwealth disputed that calling a witness from CJIS was feasible
at the defendant's trial[2] and further argued that, in any case, the
Commonwealth could not be precluded from offering what was, in the
Commonwealth's view, its "best evidence" that the defendant lacked a
license.   
      After taking the motion under advisement,
the judge issued a written order concluding that this evidence of a prior
felony conviction would be admitted, with the name of the crime redacted.  The judge further noted that she would
instruct the jury that State law prohibits a person who has committed a felony
from obtaining a firearms license, and that the prior conviction could be
considered only in connection with the issue of whether the defendant held a
firearms license at the time of the alleged offense.
      At trial, the Commonwealth introduced a
redacted copy of a docket sheet showing that a person named Boima Collins, born
on July 11, 1978, was convicted in 1998 for an offense under G. L. c.
266, § 28.  The docket sheet also
stated that the defendant's hair color and race were, respectively,
"brown" and "B," and listed his height and weight.  The name of the offense was redacted, and a
portion of the record was blocked out entirely to conceal three other
convictions.  A detective testified that
the offense was a felony.  
      As prefigured by her pretrial order, the
judge twice instructed the jury -- both at the time the evidence was introduced
and again following the closing arguments -- on the limited purpose for which
they could consider this evidence.  She
instructed the jury that they could consider the evidence of the conviction
"for one specific limited purpose, and that is to evaluate whether the
Commonwealth has met its burden of proving that [the defendant] did not hold a
firearms license at the time of the alleged offenses . . . in this
case."  She emphasized that they
were not to consider the evidence for any other purpose, including that they
could not use the evidence "to conclude that, since [the defendant] has a
prior conviction, he must have committed the offenses of which he is charged
here."  And, echoing an instruction
she gave the jury at the outset of the trial, the judge reminded the jury with
respect to this evidence in particular that it was their role as fact finders
to determine whether they believed the evidence and, if they did, "what
weight to give it."  
      After a six-day trial, the jury found the
defendant guilty of the firearms charges and not guilty of assault and battery.[3]  At a bench trial on the sentence enhancement
for a fourth firearms offense, the judge found the defendant guilty and
sentenced him to the mandatory minimum term of ten years on his conviction of
unlawful possession of a firearm, see G. L. c. 269,
§ 10 (d), to be followed by six months of probation for carrying a
loaded firearm.  We granted the
defendant's application for direct appellate review. 
      Discussion.  The defendant presses three claims of error
on appeal relating to the Commonwealth's evidence that he lacked a firearms
license.  We address each in turn. 
      1.  Prior bad act evidence.  The defendant argues that the trial judge
erred in allowing the Commonwealth to introduce evidence that he was previously
convicted of a felony to prove that he lacked a firearms license.  This evidence, he contends, posed a risk of
unfair prejudice greater than the evidence's probative value; incurring this
risk of unfair prejudice was unnecessary, because other evidence was
"readily available" to prove the same element; and the judge did not
apply the correct standard in considering whether the risk of unfair prejudice
outweighed the evidence's probative value. 
      "It is well settled that the
prosecution may not introduce evidence that a defendant previously has
misbehaved, indictably or not, for the purposes of showing his bad character or
propensity to commit the crime charged, but such evidence may be admissible if
relevant for some other purpose" (citation omitted).  Commonwealth v. Bryant, 482 Mass. 731, 734
(2019).  To introduce evidence of a
defendant's prior bad act for a permissible purpose, "[t]he Commonwealth
is required to demonstrate that the probative value of the evidence is not
outweighed by the risk of unfair prejudice to the defendant."  Commonwealth v. Howard, 479 Mass. 52, 67
(2018), citing Commonwealth v. Crayton, 470 Mass. 228, 249 (2014).  See Mass. G. Evid. § 404(b) (2025).  When reviewing a judge's decision to admit
such evidence, this court considers "(1) whether the trial judge carefully
weighed the probative value and prejudicial effect of the evidence introduced
at trial; (2) whether the judge mitigated the prejudicial effect through proper
limiting instructions; (3) whether the challenged evidence was cumulative of
other admissible evidence, thereby reducing the risk of any additional
prejudicial effect; and (4) whether the challenged evidence was so similar to
the charged offense as to increase the risk of propensity reasoning by the
jury" (citation omitted). 
Commonwealth v. Steeves, 490 Mass. 270, 287 (2022).  
      "We review a judge's decision to
allow the introduction of prior bad act evidence for abuse of
discretion."  Commonwealth v. Peno,
485 Mass. 378, 386 (2020).  The judge's
ruling "is owed 'great deference' and will amount to an abuse of
discretion only where we conclude that the judge 'made a clear error of
judgment in weighing the factors relevant to the decision, such that the
decision falls outside the range of reasonable alternatives.'"  Commonwealth v. Hinds, 494 Mass. 681, 689
(2024), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).  Where, as here, the defendant timely
objected, we consider whether any error prejudiced the defendant.  See Commonwealth v. Correia, 492 Mass. 220,
232 (2023). 
      Here, the record shows that the judge
closely considered both the probative value of the disputed evidence and the
risk of unfair prejudice.  See Steeves,
490 Mass. at 287.  The judge duly
acknowledged "the danger of unfair prejudice . . . pose[d]"
by admission of evidence that the defendant was convicted of a felony.  She also recognized, however, that the
evidence was "highly probative" of whether he possessed a firearms
license at the time of the alleged offense, because such a prior conviction
would make him ineligible to obtain a license to carry.  See G. L. c. 140, § 131 (d)
(i) (A) (convicted felons among "prohibited person[s]" to whom
firearms license may not be issued). 
And, in weighing the evidence's probative value against the risk of
unfair prejudice, the judge appropriately considered that evidence of lack of
licensure pertained to an "essential element" of the Commonwealth's
affirmative case for unlawful possession of a firearm, see Guardado I, 491
Mass. at 688.  See Commonwealth v. Jaime,
433 Mass. 575, 579 (2011) ("in balancing the probative value against the
risk of prejudice, the fact that evidence goes to a central issue in the case
tips the balance in favor of admission").
      Moreover, the judge took appropriate
measures to mitigate the evidence's prejudicial effect.  She gave the jury a robust contemporaneous
limiting instruction, which she repeated following the closing arguments.[4]  See Steeves, 490 Mass. at 287.  "Jurors are presumed to follow such
instructions."  Commonwealth v.
Gonzalez, 473 Mass. 415, 427 (2015).  The
judge also admitted the evidence of the conviction in redacted form to reduce
the risk of unfair prejudice.  See
Commonwealth v. Copney, 468 Mass. 405, 414 (2014) ("significant[]" to
prejudice analysis that trial judge allowed Commonwealth "to use only a
highly abridged version of the prior bad act evidence").  
      And the nature of the prior bad act here
was not similar to the charged offenses. 
See Steeves, 490 Mass. at 288. 
The offense statute listed on the docket sheet, G. L. c. 266,
§ 28, sets forth various offenses related to motor vehicle theft.  While these motor vehicle theft offenses are
felonies, they otherwise are not similar to the alleged firearms offenses, thus
reducing the possibility that the jury would engage in impermissible propensity
reasoning.  See Steeves, supra.  
      For these reasons, we conclude that
admitting the redacted record of conviction did not "fall[] outside the
range of reasonable alternatives." 
See L.L., 470 Mass. at 185 n.27. 
The defendant is correct that the judge's written order misstated the
standard for admission of the evidence in concluding that its probative value
was not "substantially outweighed by the danger of unfair prejudice";
as discussed, evidence of a defendant's prior bad act is admissible only if it
meets the more "exacting" standard that its probative value is not
"outweighed by the risk of unfair prejudice to the defendant, even if not
substantially outweighed by that risk." 
Crayton, 470 Mass. at 249 n.27. 
See Mass. G. Evid. §§ 403, 404(b)(2).  We discern no prejudice to the defendant from
this error of law in the circumstances here, however, where under the correct
standard the evidence was admissible for the reasons we have described, and,
consistent with best practices when admitting evidence of prior bad acts, see
Bryant, 482 Mass. at 737-738, the judge took appropriate steps at every stage
to mitigate any unfair prejudice that might arise notwithstanding that the
prior conviction was more than twenty years old and for a dissimilar offense.    
      There is no merit to the defendant's
further contention that this evidence should not have been admitted because the
Commonwealth had alternative means of proving lack of licensure -- in the form
of testimony from a CJIS witness -- that did not risk unfair prejudice to him.  "The only requirements" for
admission of evidence of a defendant's prior bad acts are "relevance"
for a permissible purpose and "a showing that the probative value of the
evidence outweighs its prejudicial impact."  Copney, 468 Mass. at 413, citing Commonwealth
v. Helfant, 398 Mass. 214, 224-225 (1986). 
Accord Mass. G. Evid. § 404(b). 
As discussed, the evidence here met this standard.  The judge therefore "was not obligated
to consider . . . whether there was some alternative means by which the
Commonwealth could prove its case," Copney, supra -- in particular,
whether, contrary to the Commonwealth's representation, see note 2, supra,
testimony from a CJIS witness was in fact readily available to prove lack of
licensure.  Rather, the Commonwealth was
entitled to introduce this admissible evidence to prove the element.  See Commonwealth v. Ortiz, 466 Mass. 475, 482
n.9 (2013) (Commonwealth "has a right to try its case in its own way so
long as it engages in no calculated impropriety" [citation omitted]).[5] 
      In sum, there was no prejudicial error in
the admission of evidence that the defendant had a 1998 felony conviction for a
motor vehicle theft offense, accompanied by appropriate limiting instructions
to the jury, to prove the element that the defendant lacked a firearms license
at the time of the 2021 offenses.  
      2. 
Instruction on common identity. 
The defendant's second claim of error is that the judge should have
instructed the jury that, in order to consider the evidence that the defendant had
a prior felony conviction, the jury first must find beyond a reasonable doubt
that the defendant was the person named in the court record.  
      While the judge instructed the jury that
the Commonwealth bore the burden of proving beyond a reasonable doubt the
element that the defendant did not have a firearms license, she did not
instruct the jury that the Commonwealth bore the burden of proving beyond a
reasonable doubt the subsidiary fact that the defendant was the same person as
the person named in the court record. 
She instead instructed the jury more generally: 
"You may
recall there was evidence in this case that [the defendant] was previously
convicted of a crime that is a felony, and I instructed you that under our
state laws, a person who has been convicted of a felony may not obtain or
retain a license to carry a firearm. 
Again, you are the factfinders in this case, and as with all evidence in
this case, it is up to you whether you believe this evidence or not, and if you
believe it, what weight to give it." 

The defendant
claims this instruction was erroneous, citing cases requiring the Commonwealth
to prove the fact of a prior conviction beyond a reasonable doubt in order to
obtain a sentencing enhancement for a subsequent offense.  See, e.g., Commonwealth v. Maloney, 447 Mass.
577, 581-582 (2006); Commonwealth v. Koney, 421 Mass. 295, 301-302 (1995).  
      The defendant's argument is
unavailing.  While the Commonwealth must
prove all "essential elements of a crime beyond a reasonable doubt,
preliminary questions of fact and subsidiary facts need only be proved by a
preponderance of the evidence" (citation omitted).  Commonwealth v. Edwards, 444 Mass. 526, 543
(2005), citing Commonwealth v. Rosenthal, 432 Mass. 124, 127 n.4 (2000).  A felony conviction is not, of course, an
element of the offense of unlawful possession of a firearm.  See Commonwealth v. Marrero, 484 Mass. 341,
345-346 (2020) (discussing proof required); Superior Court Model Criminal Jury
Instructions, Unlawful Possession of a Firearm (May 2024) (violation of
G. L. c. 269, § 10 (a), requires proof that defendant [1]
knowingly [2] possessed object [3] that meets legal definition of firearm [4]
without valid license to carry). 
Accordingly, evidence tending to show that a defendant has a prior
felony conviction, while probative of whether the defendant thereafter lacked a
firearms license, is only a subsidiary fact that may permit an inference that
the defendant was not licensed.  The
evidence of the prior conviction therefore did not need to meet the highest
standard of proof in a criminal case. 
See Edwards, supra; Rosenthal, supra.
      The cases the defendant cites regarding
sentencing enhancements are distinguishable. 
They concern proceedings governed by a statute not applicable in this
case, G. L. c. 278, § 11A, in which the Legislature has
"set forth the proof necessary" for sentencing enhancements for
subsequent convictions of operating while under the influence.  Commonwealth v. Bowden, 447 Mass. 593, 595,
597 (2006).  We have interpreted that
statute to require proof of prior convictions beyond a reasonable doubt.  See id. at 601 n.11.  See also, e.g., Maloney, 447 Mass. at 589;
Koney, 421 Mass. at 301-302.  Here, by
contrast, no statute compels the instruction sought by the defendant, nor was
the prior conviction an "essential element[]" of the offense.  Edwards, 444 Mass. at 543.  There was no error in the instruction given by
the judge.[6] 
      3. 
Sufficiency of the evidence.  The
defendant further argues that the evidence at trial was not sufficient to prove
beyond a reasonable doubt that he lacked a firearms license, because the
Commonwealth did not introduce sufficient evidence that the conviction record
was his.  The defendant accordingly
contends the judge erred in denying his motion for a required finding of not
guilty with respect to the firearm charges. 
In reviewing a sufficiency claim, we consider whether, "after
viewing the evidence in the light most favorable to the prosecution, any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt" (citation omitted).  Latimore, 378 Mass. at 677.  "Proof of an essential element of a
crime may be based on reasonable inferences drawn from the evidence, but it may
not be based on conjecture." 
Commonwealth v. Combs, 480 Mass. 55, 61–62 (2018).  
      We conclude that a rational jury could
find beyond a reasonable doubt that the evidence at trial proved the defendant
lacked a firearms license.  The record
included the certified record of conviction for Boima Collins.  The jury heard testimony from a detective
that he had "research[ed]" whether "Boima Collins" had a
prior conviction; that the redacted record of conviction entered in evidence
was the result of his research; that the redacted record, with a checkmark next
to "guilty plea or admission to sufficient facts" and a citation to
G. L. c. 266, § 28, reflected a felony conviction; and that,
based on this record, the detective understood that Boima Collins had been convicted
of a felony.  The conviction record was
dated 1998, well before the alleged 2021 firearm offenses, thus supporting a
reasonable inference under the law as instructed by the judge that the person
convicted of this felony would not have had a firearms license at the time of
the offenses.  
      The Commonwealth also played an
audiovisual recording of an interview in which the defendant, in response to
questions from officers, answered that his name was "Boima Collins,"
and that his birthday was "tomorrow," which the jury could reasonably
infer from other evidence referred to July 11. 
This full name and July 11 birthday matched the conviction record.  While no direct evidence corroborated that
the defendant was born in 1978 as listed on the record, the jury could view the
defendant in person and assess whether he appeared to be approximately
forty-five years old at the time of trial. 
See Commonwealth v. Emmons, 98 Mass. 6, 8 (1867) (jury not
"incompetent" to take witness's "appearance into consideration
in passing on the question of his age"); Commonwealth v. Pittman, 25 Mass.
App. Ct. 25, 27 (1987) (defendant's physical appearance may be considered as
factor in discerning age); 2 Wigmore, Evidence § 222 (Chadbourn rev. ed.
1979), and cases cited.  The jury also
could compare the defendant's appearance with additional demographic details
included in the record of conviction, including his race (listed as
"B," which the jury could reasonably infer meant "Black")
and hair color ("brown"). 
While the defendant's appearance during the trial is not part of the
record on appeal, this court has reviewed the audiovisual recording of the
defendant's police interview.  A rational
fact finder could conclude that the defendant's appearance in the recording
corresponded with the information in the court record regarding age, race, and
hair color.
      The trial judge properly concluded that
this evidence, taken together, was sufficient for a rational jury to conclude
that the defendant had been convicted of a felony in 1998 and therefore, by
reasonable inference based on the law on which she instructed them, lacked a
firearms license at the time of the alleged offenses.  She therefore did not err in denying his
motion for a required finding.[7] 
      Conclusion.  There was no prejudicial error in the
admission in evidence, accompanied by appropriate limiting instructions, of the
redacted court record of a 1998 felony conviction for a motor vehicle theft
offense to prove that the defendant did not have a firearms license at the time
of the 2021 offenses.  The trial judge
was not required to instruct the jury that, in order to consider this evidence
in determining whether the Commonwealth had proven the element of lack of
licensure, the jury first had to conclude that the Commonwealth proved the
subsidiary fact of the prior conviction beyond a reasonable doubt.  And the Commonwealth's evidence on this
element was sufficient.  Discerning no merit
in the defendant's other arguments, we therefore affirm his convictions. 
Judgments
affirmed. 

footnotes

[1] Massachusetts
police departments are required to forward copies of applications, issued
licenses, and notices of revocation and suspension to CJIS, see Commonwealth v.
Gouse, 461 Mass. 787, 805-806 (2012), overruled on other grounds by Guardado I,
491 Mass. at 690, citing G. L. c. 140, § 122A, where those
records are collected by the firearms records bureau, see Firearms Records Bur.
v. Simkin, 466 Mass. 168, 168 n.2 (2013).

[2] The
prosecutor represented that, at the time of the defendant's trial shortly after
the Guardado I decision, there were only "two witnesses from CJIS in the
entire [S]tate," depriving the Commonwealth of "the capacity to bring
in CJIS to the literally hundreds of firearm cases that are pending in the
Commonwealth at any given time."

[3] The judge
vacated the conviction of possession of ammunition as duplicative of the
conviction of carrying a loaded firearm without a license.  See Commonwealth v. Johnson, 461 Mass. 44, 51-52
(2011).

[4] We note that,
in giving the jury a contemporaneous limiting instruction, the judge rebuffed
the prosecutor's suggestion that such an instruction would be redundant of
instructions typically given at the end of trial.  The judge chose the better course.  See Bryant, 482 Mass. at 737-738 (best
practice to give limiting instruction "at the time" evidence of
defendant's prior bad acts admitted).

[5] The
defendant's reliance on the United States Supreme Court's ruling under the Federal
Rules of Evidence in Old Chief v. United States, 519 U.S. 172 (1997), is
misplaced.  There, the Court found an
abuse of discretion in the admission in evidence of a conviction record
detailing the name and nature of a prior offense, where the prosecution had
refused to join in the defendant's proposed stipulation that he had a prior
felony conviction.  Id. at 175-176,
191-192.  Here, by contrast, the
Commonwealth offered to stipulate to the element of lack of licensure at the
hearing on the Commonwealth's motion to admit the evidence of the defendant's
prior felony conviction.  The defendant
rejected that offer and instead chose, as was his right, to put the
Commonwealth to its proof.  We therefore
are not presented with the question and express no view on whether, in some
circumstances, "the refusal to accept a defendant's proffered stipulation
to an element of an offense being tried might constitute an abuse of discretion
or other error" under our common law. 
Ortiz, 466 Mass. at 482 n.9 (reserving question).

[6] Thus
discerning no error, we need not resolve the parties' dispute over whether the
defendant preserved this objection.

[7] We discern no
merit in the further argument advanced by the defendant that the trial judge
abused her discretion in empanelling juror no. 245, who was an administrator at
a law school at which the judge served as a trustee.  The juror confirmed that, notwithstanding
this connection, he could be fair to both parties and apply the law as the
judge explained it.  Neither party
objected to seating the juror.  The
defendant now contends that the judge's inquiry was inadequate and that seating
this juror "affected the power balance of the jury" in violation of
his rights to a fair trial by an impartial jury under the Sixth Amendment to
the United States Constitution and art. 12 of the Massachusetts Declaration of
Rights.  This claim finds no support in
the record and presents no substantial risk of a miscarriage of justice.  See Commonwealth v. Perez, 460 Mass. 683,
688-689 (2011), quoting Commonwealth v. Bryant, 447 Mass. 494, 501 (2006)
("In deciding juror impartiality, it is sufficient for the judge to
'determine whether jurors [can] set aside their own opinions, [properly] weigh
the evidence[,] . . . and follow the instructions of the
judge'").